UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MATTHEW LEWIS SMALL, | ) |
| Plaintiff, | ) ) ) ) Case No. 1:21-cv-1881 |
| v. | ) ) |
| MIKE NIELSEN, THOMAS BEARD and BOONE COUNTY SHERIFF, | ) ) ) ) |
| Defendants. | ) |

# COMPLAINT FOR DAMAGES

Plaintiff Matthew Lewis Small, by counsel Todd Meyer and Ian Goodman, for his Complaint for Damages against Defendants Mike Nielsen, Thomas Beard and Boone County Sheriff, states as follows:

**Parties, Jurisdiction and Venue**

1. Plaintiff Matthew Lewis Small ("Mr. Small") is an adult resident of Michigan.

2. Defendant Boone County Sheriff is a law enforcement agency in Boone County, Indiana and is a political subdivision of the State of Indiana. The Boone County Sheriff, among its many functions and responsibilities, maintains a jail for persons to be held in lawful custody.

3. Defendant Mike Nielsen ("Sheriff Nielsen") is an adult resident of Indiana who, at all times relevant to this Complaint, was the duly elected sheriff of Boone County, Indiana.

4. Defendant Thomas M. Beard ("Captain Beard") is an adult resident of Indiana who, at all times relevant to this complaint, was a captain of Boone County Sheriff.

5. Sheriff Nielsen was Captain Beard's superior and was in charge of the Boone County Sheriff.

1

6. Pursuant to 28 U.S.C. § 1331, the Court has subject matter jurisdiction of Mr. Small's claims brought pursuant to 42 U.S.C. § 1983.

7. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction of Plaintiff's claim brought under Indiana law.

8. Pursuant to 28 U.S.C. §1391, Venue is proper in this Court because the events giving rise to this action occurred in Boone County, Indiana, which is located in the Southern District of Indiana, Indianapolis Division.

**Facts**

1. Mr. Small worked as a semi-truck driver, hauling trailers loaded with cargo primarily on interstate highways in the United States.

2. Mr. Small is married. He and his wife have three children. Mr. Small supported his family with the income he earned as a semi-truck driver.

3. On January 3, 2020, in his capacity as a semi-truck driver, Mr. Small departed West Virginia and was bound for Minnesota. Collectively, the semi-truck that Mr. Small drove, the trailer attached to it and the load in the trailer weighed approximately 75,000 pounds.

4. On January 4, 2020, at approximately 6 p.m., Mr. Small parked his semi-truck at a truck stop in Richmond, Indiana, where he spent the night.

5. Mr. Small resumed his trip in the morning of January 5, 2020. At approximately 11 a.m., he was driving his semi-truck in Indianapolis, Indiana on the interchange of westbound interstate 865 and northbound interstate 65. Once on northbound interstate 65, Mr. Small positioned his semi-truck in the third right-most lane of four lanes of travel and entered Boone County, Indiana.

6. Mr. Small was on a phone call, using a hands-free headset. He picked up a mug of

coffee, which was located in a cupholder and took a drink. As he began to return the mug of coffee to the cupholder, he observed that while traffic in the other three northbound lanes was flowing normally. in his lane of travel, traffic in front of him was slowing and, eventually, stopping. Mr. Small was unable to stop his semi-truck or to take sufficient evasive measures, and his semi-truck struck multiple passenger motor vehicles. Three individuals – Kaylee Kirk, Mariah Tomey and Victim 1 (the "Decedents") – died as a result.

7.  Mr. Small was taken from the scene of the accident to the emergency room at Witham Hospital-Anson Hospital in Boone County, Indiana. There, he underwent a toxicology screen, the results of which were negative, and was questioned by an officer of the Zionsville, Indiana Police Department. Of the accident, Mr. Small told the officer what is recounted in this Complaint.

8.  For the Boone County Sheriff, Sheriff Nielsen assigned Captain Beard to investigate Mr. Small's role in the accident.

9.  At the instruction of Sheriff Nielsen and/or Captain Beard, law enforcement transported Mr. Small from Witham Hospital-Anson Hospital to, and detained him at, the office of the Boone County Sheriff, where Captain Beard interrogated him.

10. Again, of the accident, Mr. Small told Captain Beard what is recounted in this Complaint.

11. Captain Beard relayed to Sheriff Nielsen what Mr. Small stated.

12. Sheriff Nielsen and/or Captain Beard concluded that they had probable cause to arrest Mr. Small upon the allegation that he had recklessly killed the Decedents.

13. Defendants then took continued custody of Mr. Small by booking him into the Boone County Sheriff's jail.

14. Sheriff Nielsen and Captain Beard knew that to arrest Mr. Small as they had, for allegedly recklessly killing the Decedents, they had to know of facts that gave them probable cause to conclude that he had engaged in conduct in plain, conscious and unjustifiable disregard of the harm that might result and that his disregard involved a substantial deviation from acceptable standards of conduct (the "Culpability Standard"). (Ind. Code § 35-41-2-2.)

15. Sheriff Nielsen and Captain Beard knew that Mr. Small, prior to the accident, had been sufficiently rested to drive his semi-truck, had been unimpaired by drugs or alcohol, had been on a phone call with his wife via a hands-free headset, had taken a drink of coffee and had then been unable to avoid colliding with slowed, and then stopped, traffic in front of him.

16. Sheriff Nielsen and Captain Beard knew that these facts did not give rise to probable cause to accuse Mr. Small of acting in conformity with the Culpability Standard and of recklessly killing the Decedents. But they persisted in representing to the Boone County Prosecutor, and eventually to the Court, that they had probable cause.

17. On or about January 7, 2020, Captain Beard, in collaboration with Sheriff Nielsen, authored an "Affidavit of Probable Cause" regarding Mr. Small's role in the accident and the facts underlying his arrest for allegedly recklessly killing the Decedents. (Exhibit A, Affidavit of Probable Cause.)

18. With regard to Mr. Small, the Affidavit of Probable Cause described nothing more than the same, non-criminal conduct that had led Defendants to arrest and jail Mr. Small. (Exhibit A, Affidavit of Probable Cause, pp. 1-2.)

19. On January 7, 2020, the State of Indiana, in the Boone County, Indiana Superior Court 2, under cause number 06D02-2001-F5-000057, initiated criminal prosecution against Mr. Small, accusing him of three Level 5 felony charges of reckless homicide (the "Criminal

Proceeding"). The Criminal Proceeding was premised on the Affidavit of Probable Cause.

20. On January 7, 2020, the Court, based on the Affidavit of Probable Cause, issued an Order Finding Probable Cause to charge Mr. Small with three counts of reckless homicide.

21. On February 26, 2020, Mr. Small, by counsel, filed a motion to dismiss and supporting memorandum of law (collectively, the "MTD"). In the MTD, Mr. Small argued in relevant part that the facts alleged in the Affidavit of Probable Cause did not constitute a criminal offense under Indiana law.

22. On October 2, 2020, the Court issued an "Order" granting the MTD. (Exhibit C, Order On Defendant's Motion To Dismiss.) Portions of the Order are summarized below:

   a. At the hearing on the MTD, to support the charges, the State asked the court to take judicial notice of the Affidavit of Probable Cause. Mr. Small then introduced as evidence the Affidavit of Probable Cause and a video recording of the accident. (Exhibit C, p. 2.)

   b. The Court identified the Culpability Standard and expounded on it, stating, "The element of recklessly has been found to require a conscious choice of action which injures another, either with knowledge of the serious danger to others involved or with knowledge of facts which would disclose the danger to a reasonable man." (Exhibit C, p. 3.)

   c. While the State's Charging Information did not "contain specific facts upon which the allegation of 'recklessly' was based", the Court noted "it is appropriate to look to the [Affidavit of Probable Cause] to supplement facts not contained in the Charging Information." (Exhibit C, p. 4.)

   d. Having considered the Affidavit of Probable Cause and video, the Court stated,

> "[T]he record is completely void of facts taken as true that would, under any implicit or explicit interpretation, allow a trier of fact to find [Mr. Small's] actions…a substantial deviation from acceptable standards of conduct." "Mr. Small was well rested and sober. There was no evidence alleged that Mr. Small was operating his truck over the speed limit or driving erratically in any manner. Mr. Small was talking to his wife, but on a hands-free device and consuming coffee. Neither of those actions are slight, let alone substantial, deviation from acceptable standards of conduct." (Exhibit C, pp. 8-9.)

23. In total, because of the unfounded decisions of Defendants – in particular the Affidavit of Probable Cause – for approximately nine months Mr. Small was formally accused of homicidally killing the Decedents. In public, and to multiple media outlets, Mr. Small was characterized as an individual who had no regard for the lives of fellow motorists. With Defendants' accusations and media characterizations as sources of information, members of the community where Mr. Small and his family lived assailed his character.

24. The unfounded decisions of Defendants have significantly harmed Mr. Small, personally and professionally. He lost his job as a truck driver and has been unable to obtain similar employment. He could not find any job for an extended period and still has not found suitable full-time work. His family has struggled financially. Because of the negative publicity that Mr. Small was subjected to, he and his family had to leave their home, and the community where their children attended school, and relocate elsewhere, forcing their children to leave friends behind. Mr. Small himself has experienced significant emotional trauma secondary to the experience of being criminally accused of homicide. These are only some of the harms Mr. Small, and his family, have suffered and continue to suffer.

**Count I – 42 U.S.C. § 1983 – Fourth Amendment – Unlawful Detention**
**Sheriff Nielsen and Captain Beard**

25. Mr. Small incorporates the allegations of paragraphs 1 to 24.

26. The Fourth Amendment to the United States Constitution protects "[t]he right of people to be secure in their persons…against unreasonable…seizures."

27. Under the Fourth Amendment, seizures are reasonable only where they are based on probable cause to believe that the individual committed a crime.

28. Sheriff Nielsen and Captain Beard's pretrial detention of Mr. Small, both before formal legal process and after, constituted a seizure under the Fourth Amendment.

29. Sheriff Nielsen and Captain Beard did not have probable cause to believe that Mr. Small had committed a crime, let alone the one they accused him of.

30. Therefore, Sheriff Nielsen and Captain Beard unlawfully seized and detained Mr. Small and violated his Fourth Amendment rights.

31. Consequently, Mr. Small has been damaged.

**Count II – 42 U.S.C. § 1983 – Fourth Amendment – Malicious Prosecution**
**Sheriff Nielsen and Captain Beard**

32. Mr. Small incorporates the allegations of paragraphs 1 to 24.

33. Sheriff Nielsen and Captain Beard caused the Criminal Proceeding to be instituted against Mr. Small.

34. Sheriff Nielsen and Captain Beard acted maliciously in causing the Criminal Proceeding to be instituted against Mr. Small. They knew precisely the nature of Mr. Small's conduct and that under any reasonable construction it did not give rise to probable cause to accuse him of reckless homicide. But they persisted in representing to the Boone County Prosecutor, and eventually to the Court, that they had probable cause.

35. The Court in the Criminal Proceeding dismissed the charges against Mr. Small, expressly holding that there was not probable cause to accuse Mr. Small of reckless homicide.

36. The Fourth Amendment to the United States Constitution protects "[t]he right of people to be secure in their persons…against unreasonable…seizures."

37. Under the Fourth Amendment, seizures are reasonable only where they are based on probable cause to believe that the individual committed a crime.

38. Sheriff Nielsen and Captain Beard's actions with regard to Mr. Small constituted a seizure under the Fourth Amendment and amounted to malicious prosecution.

39. By unreasonably seizing and maliciously prosecuting Mr. Small, Sheriff Nielsen and Captain Beard's actions violated his Fourth Amendment rights.

40. Consequently, Mr. Small has been damaged.

41. Mr. Small's malicious prosecution claim against Sheriff Nielsen and Captain Beard is colorable under 42 U.S.C. § 1983, because Indiana law precludes a malicious prosecution claim against them.

**Count III – 42 U.S.C. § 1983 – Fourteenth Amendment – Malicious Prosecution
Sheriff Nielsen and Captain Beard**

42. Mr. Small incorporates the allegations of paragraphs 1 to 24.

43. Sheriff Nielsen and Captain Beard caused the Criminal Proceeding to be instituted against Mr. Small.

44. Sheriff Nielsen and Captain Beard acted maliciously in causing the Criminal Proceeding to be instituted against Mr. Small. They knew precisely the nature of Mr. Small's conduct and that under any reasonable construction it did not give rise to probable cause to accuse him of reckless homicide. But they persisted in representing to the Boone County Prosecutor, and

eventually to the Court, that they had probable cause.

45. The Court in the Criminal Proceeding dismissed the charges against Mr. Small, expressly holding that there was not probable cause to accuse Mr. Small of reckless homicide.

46. The Fourteenth Amendment prohibits depriving any person of liberty without due process of law.

47. By their actions, Sheriff Nielsen and Captain Beard deprived Mr. Small of liberty without due process of law, in violation of the Fourteenth Amendment, and committed malicious prosecution.

48. Consequently, Mr. Small has been damaged.

49. Mr. Small's malicious prosecution claim against Sheriff Nielsen and Captain Beard is colorable under 42 U.S.C. § 1983, because Indiana law precludes a malicious prosecution claim against them.

### Count IV – False Arrest (Indiana Law)
### All Defendants

50. Mr. Small incorporates the allegations of paragraph 1 to 24.

51. Defendants arrested and detained Mr. Small without probable cause.

52. By arresting and detaining Mr. Small without probable cause, Defendants committed the tort of false arrest under Indiana law.

53. In arresting and detaining Mr. Small without probable cause, Defendants acted with malice or oppressiveness that was not the result of mistake of fact or law, honest error or judgment, overzealousness, mere negligence or any other human failing.

54. Defendants' false arrest of Mr. Small has damaged him.

Wherefore, Plaintiff Matthew Lewis Small prays for judgment in his favor and against

Defendants Mike Nielsen, Thomas Beard and Boone County Sheriff, for a trial by jury, for compensatory and punitive damages, for costs and for all other appropriate relief.

                                              Respectfully submitted,

*/s/ Todd J. Meyer*
Todd J. Meyer
Meyer Law Office, LLC
P.O. Box 101
Lebanon, IN 46052
765-482-9280
todd@toddmeyerlaw.com

Ian Goodman
Paganelli Law Group
10401 N. Meridian Street, Suite 450
Indianapolis, IN  46290
317.550.1855
ian@paganelligroup.com

*Attorneys for Plaintiff Matthew Lewis Small*